IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 3:13-cr-30038 |
| ) | |
| **NATHANIEL GARECHT,** ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendant Nathaniel Garecht is serving terms of imprisonment of 120 months and 60 months, running consecutively. Garecht has filed two motions for a sentence reduction, and his former attorney has filed a motion for leave to enter an appearance. For the reasons below, the motions (d/e [54], [57], [58]) are DENIED.

I.  **Background**

On February 24, 2014, Garecht was sentenced for his crimes of distributing cocaine (Count 1), possessing cocaine with intent to distribute (Count 2), and possessing a firearm in furtherance of a drug trafficking crime (Count 3). Garecht's sentencing guideline range was 262 to 327 months in prison, but the Court downwardly

departed from Garecht's guideline range and sentenced Garecht to a total of 180 months in prison—120 months on both Counts 1 and 2 running concurrently, and 60 months on Count 3 running consecutively to the 120-month terms.  In downwardly departing from Garecht's guideline range, the Court noted the nature and circumstances of Garecht's offense, Garecht's history and characteristics, and Garecht's "extraordinary health issues" (d/e 44 at 3), including a recent heart attack that had required a stent to be placed in his heart (d/e 38 at 2).

On December 23, 2015, Garecht filed a Motion for Reduction of Sentence Pursuant to § 3582(c)(2) (d/e 54).  Garecht argues that his sentence should be reduced because: (1) Amendment 782 has lowered his sentencing range; (2) he was not sentenced under the career offender guideline; and (3) he poses no threat to society.

The Court appointed George Taseff of the Federal Public Defender's Office to represent Garecht.  (See December 28, 2015 text order.)  The Federal Public Defender subsequently filed a Motion to Withdraw as Counsel (d/e 55) on the ground that Garecht is not eligible for a sentence reduction under Amendment 782 because Garecht's sentencing guideline range was determined by

the career offender guideline, not by the drug guidelines in U.S.S.G. § 2D1.1 that Amendment 782 lowered.

On February 3, 2016, the Court granted the Federal Public Defender's motion to withdraw.  The Court directed Garecht, if he so chose, to respond by March 4, 2016, either (a) conceding that Amendment 782 does not apply because he was found to be a career offender; or (b) explaining why Amendment 782 applies despite the fact that Garecht's sentencing range was determined by the career offender guideline and not by the drug guidelines in U.S.S.G. § 2D1.1 that Amendment 782 lowered.  (See February 3, 2016 text order.)

On March 8, 2016, Garecht responded by filing a motion styled as a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in Conjunction with Defendant[']s Filed Motion in This Court" (d/e 57).

On March 23, 2016, Garecht's former attorney filed a Motion for Leave to Enter Appearance (d/e [58]).

II. **The Motions for Reduction of Sentence**

A. **The Court cannot reduce Garecht's sentence because the sentence was not based on a sentencing range that has been subsequently lowered by the U.S. Sentencing Commission.**

Congress has authorized the Court to modify a defendant's prison sentence if: (1) the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As the plain language of Section 3582(c)(2) indicates, the provision "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 825-26 (2010).

Garecht argues that Amendment 782 lowered the sentencing guideline range on which his original sentence was based, and that therefore he is eligible for a sentence reduction. Garecht says that at sentencing the Court calculated Garecht's total offense level as 29 and his criminal history category as III, which yielded a sentencing guideline range of 108 to 135 months. With a 2-level

reduction under Amendment 782, Garecht says, his offense level becomes 27, and his guideline range becomes 87 to 108 months.

But in fact the Court calculated Garecht's guideline range as 262 to 327 months, not 108 to 135 months as Garecht claims. (See Statement of Reasons, d/e 44 at 1.) Indeed, in imposing a total sentence of 180 months the Court noted that the sentence was "below the advisory guideline range" (d/e 44 at 3)—further indication that Garecht's guideline range was not 108 to 135 months.

A court assessing a motion to reduce pursuant to an amendment to the sentencing guidelines must determine the guideline range that would have applied to the defendant if the amendment had been in effect at the time of the original sentence. See Dillon, 560 U.S. at 827. Here, Garecht's sentencing guideline range—262 to 327 months—would not have been different if Amendment 782 had been in effect at the time of Garecht's sentencing. The 262-to-327-month range was established by Garecht's status as a career offender under U.S.S.G. § 4B1.1, not by the drug-quantity tables in U.S.S.G. § 2D1.1 that Amendment 782 lowered. See, e.g., Addendum to Presentence Report, d/e 44 at

5 (overruling Garecht's objection to being held responsible for over 3.5 kilograms of cocaine) ("[The] Court overrules [Garecht's] objection as moot.  Applying the Career Offender enhancement of USSG § 4B1.1(c)(3), the drug quantity does not affect the sentence.").  Because Garecht's career offender status—not the drug-quantity tables—determined his sentencing guideline range, Section 3582(c)(2) does not authorize the Court to reduce Garecht's sentence pursuant to Amendment 782.

Indeed, courts in the Seventh Circuit have uniformly found that Amendment 782 does not provide for sentence reductions for defendants, like Garecht, whose sentencing guideline ranges were determined by their career offender status.  <u>See</u>, <u>e.g.</u>, <u>United States v. Williams</u>, No 04 CR 12, 2015 U.S. Dist. LEXIS 46289, *7 (N.D. Ill. Apr. 9, 2015) (denying motion to modify term of imprisonment under Amendment 782, because defendant was sentenced as career offender); <u>United States v. Daniels</u>, No. 08-CR-30185, 2015 U.S. Dist. LEXIS 35393, *4 (S.D. Ill. Mar. 16, 2015) ("Because Defendant … was sentenced as a career offender, his offense level and guideline range were based on U.S.S.G. § 4B1.1(b), not § 2D1.1(c).  As a result, his guideline range does not change under Amendment

782, and a sentence reduction under § 3582(c)(2) is not authorized."); United States v. Perry, No. 06 CR 963, 2015 U.S. Dist. LEXIS 113633, *3-4 (N.D. Ill. Aug. 27, 2015) ("To be eligible for a sentence reduction under Amendment 782, Defendant must have been sentenced based on an offense level determined by the § 2D1.1 Drug Quantity Table.  Defendant was not. … Defendant was sentenced as a career offender under Guidelines § 4B1.1, where his base offense level was 37.  Sentences made pursuant to Guidelines § 4B1.1 are not eligible for a reduction under Amendment 782."); United States v. James, No. 07-cr-40006, 2015 U.S. Dist. LEXIS 21797, *3 (S.D. Ill. Feb. 24, 2015) ("Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction."); accord United States v. Griffin, 652 F.3d 793, 803 (7th Cir. 2011) ("Because the amendments [to the crack cocaine

Page **7** of **16**

guidelines] leave the career-offender guidelines unchanged and [defendant's] offense level of 37 and criminal-history category of VI were based on that guideline … the amendments do not affect [defendant's] applicable guidelines range of 360 months to life. Accordingly, [defendant] was not sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), and he will not be eligible for a reduction under 3582(c)(2) when the amendments become retroactive."). The Court finds no reason to depart from this well-reasoned precedent.

### B. Garecht's applicable guideline range did not change when the Court imposed a below-guidelines sentence.

Regardless of whether a given defendant is initially "eligible" to be sentenced as a career offender, Garecht argues, the "critical inquiry" is which guideline range was "actually" used to determine the sentence ultimately imposed (d/e 54 at 2-3). Garecht says that, although the Court at sentencing designated Garecht as a career offender, the Court "ultimately based" Garecht's sentence on the powder cocaine guideline range—not the career offender range (d/e 57 at 2). Therefore, Garecht argues, he is eligible for a sentence

reduction because he was sentenced "based on" a sentencing range that was later reduced (d/e 54 at 2).

Essentially, Garecht's position is that he would not be eligible for a sentence reduction if he <u>had</u> received a sentence within his career offender guideline range, but that the Court's imposition of a below-guidelines sentence affected Garecht's guideline range and renders him now eligible for a reduction.

In fact, however, eligibility for a Section 3582(c)(2) sentence reduction is triggered only by an amendment lowering a defendant's "applicable guideline range," which the commentary to the policy statement governing Section 3582(c)(2) proceedings defines as the guideline range that corresponds to the defendant's offense level and criminal history category as determined "<u>before</u> consideration of any departure … or any variance." U.S.S.G. § 1B1.10, cmt. nt. 1(A) (emphasis added); <u>see also</u> <u>United States v. Guyton</u>, 636 F.3d 316, 319 (7th Cir. 2011) (Section 1B1.10 "assumes that 'the applicable guideline range' is the range established before a district court decides to depart or vary downward …. The provision … makes little sense if the departure itself is treated as providing the applicable 'range.'"); <u>United States v. Brown</u>, No. 10 CR 888, 2015

U.S. Dist. LEXIS 88854, *2 (N.D. Ill. July 8, 2015) (defendant's below-guidelines sentence "does not alter the fact that Defendant was subject to a guideline range that has not been changed"); United States v. Edmond, No. 15 C 3566, 2015 U.S. Dist. LEXIS 151428, *14 (N.D. Ill. Nov. 9, 2015) (defendant who received below-guideline sentence was not entitled to sentence reduction under Amendment 782 because Amendment 782 did not reduce his guideline range).

    Here, as explained above, the Court calculated Garecht's guideline range as 262 to 327 months and then departed downward from that range.  Indeed, Garecht himself asked for a departure from his guideline range, saying to the Court during his allocution, "It is my understanding that you can give me a downward deviation for medical, and I beg you, please, your Honor, to do that." (February 24, 2014 sentencing transcript.)  The Court granted the request, explaining moments later, "I am deviating downward due to your assurances [that you will not return to drug-dealing], due to the letters from your family, and due to your medical condition." (Id.)  Garecht's "applicable guideline range" was 262 to 327 months,

and that range did not change when the Court imposed a below-guidelines sentence.

### C. The cases Garecht cites do not support his argument that he is eligible for a reduction.

Garecht argues that finding that the Court cannot reduce Garecht's sentence would "create issues of constitutional proportions," because other courts have "freely" granted relief to other defendants in similar or identical circumstances (d/e 54 at 4). Garecht contends that, in light of this, he "also may receive relief where nothing in law prevents it" (id.).

In support of his argument, Garecht cites five cases in which the defendant received a sentence reduction or in which the court remanded for consideration as to whether a sentence reduction would be appropriate. But in all five cases, the original sentencing court had explicitly rejected the career offender-enhanced guideline range and had recalculated the defendant's guideline range without the career offender enhancement. See United States v. Ragland, 568 F.Supp.2d 19, 20 (D.D.C. 2008) (sentencing court had recalculated defendant's guideline range after finding that treating defendant as career offender would "overstate his criminal history");

United States v. Poindexter, 550 F.Supp.2d 578, 579 (E.D. Pa. 2008) (sentencing court had explicitly "departed downward from level 34 to level 27" after finding that defendant's career offender status "overrepresent[ed] the total offense level in this case"); United States v. Nigatu, No. 00-18, 2008 U.S. Dist. LEXIS 28541, *1 (D. Minn. Apr. 7, 2008) (sentencing court had recalculated defendant's offense level after finding that "the designation of career offender status is inappropriate in this case as it overstates Nigatu's criminal history") (alteration omitted); United States v. Flemming, 617 F.3d 252, 255-56 (3d Cir. 2010) (sentencing court had recalculated defendant's offense level after finding that "designating [defendant] as a career offender overstates his criminal history"); United States v. Cardosa, 606 F.3d 16, 18-19 (1st Cir. 2010) (in consolidated appeal, sentencing courts had recalculated defendants' offense levels after finding career offender designations overstated seriousness of defendants' criminal histories).

Here, by contrast, the Court at sentencing did not reject Garecht's career offender status or recalculate Garecht's offense level or guideline range. Instead, the Court calculated Garecht's career offender-enhanced guideline range and then "deviat[ed]

downward due to [Garecht's] assurances [that he would not return to drug-dealing], due to the letters from [his] family, and due to [his] medical condition." (February 24, 2014 sentencing transcript.) Because of this, the cases Garecht cites do not support his argument that he is eligible for a sentence reduction.

        **D.    No authority supports Garecht's argument that denying his motion raises "ex post facto" concerns.**

Garecht argues that, because the Court "waive[d]" his career offender guideline range at sentencing, applying the career offender guideline range to Garecht now would "violate ex post facto principles" (d/e 54 at 4). See Weaver v. Graham, 450 U.S. 24, 30 (1981) (Constitution's ex post facto clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred").

But the Court did not "waive" Garecht's career offender guideline range; as the Court explained, the Court simply departed downward from that range in imposing Garecht's sentence. And in any event, the Constitution's ex post facto clause does not apply to Section 3582(c)(2) sentence reductions. See United States v. Diggs, 768 F.3d 643, 645 (7th Cir. 2014) ("By nature, a § 3582(c)(2)

proceeding to reduce a sentence does not have any bearing on the ex post facto clause, because it cannot increase a punishment."); see also United States v. Quimby, No. 02 CR 968, 2015 U.S. Dist. LEXIS 123837, *5 (N.D. Ill. Sept. 15, 2015) ("Due to the nature of Amendment 782 and § 3582(c)(2) proceedings as only working to reduce sentences rather than increase them, the Ex Post Facto Clause is inapplicable.").

### E. No other authority authorizes the Court to reduce Garecht's sentence.

Garecht's final argument in support of his request for a sentence reduction is that he is not a threat to society. But the Court is not authorized to reduce a defendant's sentence on the ground that the defendant is not a threat to society. Under 18 U.S.C. § 3582(c), the Court may not modify an imposed term of imprisonment except in three narrow circumstances:

- Subsection 3582(c)(1)(A) authorizes the Court to reduce a sentence when the Director of the Bureau of Prisons files a motion seeking that relief, if the Court finds that the defendant meets certain criteria;

- Subsection 3582(c)(1)(B) authorizes the Court to modify a sentence if "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35 (which authorizes the Court to: (a) correct a sentence within 14 days to correct an arithmetical, technical, or other clear error; or (b) on the Government's motion, reduce a sentence in light of the defendant's substantial assistance in investigating or prosecuting another person); and

- Subsection 3582(c)(2) authorizes the Court to reduce a sentence if the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission.

None of these circumstances exists in Garecht's case. The Director of the Bureau of Prisons has not filed a motion; Garecht's term of imprisonment was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and no other statute or Rule of Criminal Procedure authorizes a sentence reduction for Garecht.

### III. The Motion for Leave to Enter Appearance

Garecht's former attorney, Michael Costello, has filed a Motion for Leave to Enter Appearance (d/e [58]).  Costello asks for leave to enter his appearance and advocate on Garecht's behalf "[i]f a hearing is required" on Garecht's motions (d/e 58 at 1).  "If the Court determines no hearing is required," Costello says, "then this Motion … is moot" (id.).  The Court finds that no hearing is necessary to resolve Garecht's motions.  See Local Rule 7.1(A)(1)(d) ("Any motion … may, in the court's discretion, be … determined upon the pleadings and the motion papers without benefit of oral argument.").  Accordingly, the Court denies as moot the Motion for Leave to Enter Appearance.

### IV. Conclusion

For the reasons above, the motions for a sentence reduction (d/e [54], [57]) are DENIED, and the motion for leave to enter an appearance (d/e [58]) is DENIED as moot.

ENTERED:  April 8, 2016

FOR THE COURT:              s/ Sue E. Myerscough
                            SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE