IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-30038 |
| | ) | |
| **NATHANIEL GARECHT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION**

Before the Court are Defendant Nathaniel Garecht's pro se Motion for Compassionate Release (d/e 64) and Supplemental Motion for Compassionate Release (d/e 69) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Because Defendant has not exhausted his administrative remedies as required by statute, the motions are DENIED.

**I. BACKGROUND**

On November 26, 2013, Defendant pled guilty to the distribution and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Gov't Resp. 1. Additionally, Defendant pled guilty to possession of a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Id.

On February 24, 2014, Defendant was sentenced to 180 months of imprisonment, followed by a 5-year term of supervised release.  Def.'s Suppl. Mot. 1.  Defendant is currently serving his sentence at FCI Seagoville, Texas and is projected to be released on April 9, 2026.  Def.'s Suppl. Mot. 2.  On June 11, 2021, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) seeking a reduction in his sentence based on COVID-19 and his chronic health conditions. Def.'s Pro Se Mot. 1.

On June 25, 2021, Defendant's appointed counsel filed the Supplemental Motion for Compassionate Release now before the Court.  Def.'s Suppl. Mot. 1.  Defendant requests a time served sentence following a term of home confinement as a condition of supervised release. If released from custody, Defendant proposes to reside with his grandmother in Springfield, Illinois.

Defendant's Supplemental Motion for Compassionate Release states that Defendant suffers from several chronic health conditions including diabetes, high cholesterol, high blood pressure, coronary artery disease, and a history of heart attacks.  Def.'s Suppl. Mot 4.

These chronic health issues place Defendant at high risk of complications if he contracts COVID-19. Id. at 5. Defendant argues that the high number of COVID-19 cases at FCI Seagoville, Texas and the facility's inability to follow the Centers for Disease Control's (CDC) recommended guidelines are "extraordinary and compelling" reasons warranting a reduction in sentence. Id. at 9-10. Furthermore, Defendant states that because of his allergies to sulfa drugs, high risk for thrombosis, and previous myocardial infarction, he cannot be vaccinated due to the possibility of rare side effects. Id. at 4.

The Government argues the Court should deny Defendant's motion because he has not exhausted his administrative remedies as required by statute. Gov't Resp. 7-8. Additionally, the Government claims Defendant cannot establish the burden of proving an "extraordinary and compelling" reason for release because he has previously contracted and recovered from COVID-19 and refused the Moderna COVID-19 vaccine. Gov't Resp. 7-12. Finally, the Government argues that Defendant remains a danger to other "persons and the community" based on his conviction and the disciplinary infractions he has incurred while in the custody of the

Bureau of Prisons (BOP). Id. at 14. The Government has also filed a Notice of Additional Authority, d/e 73, alerting the Court to the Seventh Circuit's recent decision in United States v. Broadfield, 2021 WL 30768863 (7th Cir. Jul. 21, 2021).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting

thirty days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Government has timely objected to Defendant's compassionate release request on the grounds that Defendant has failed to exhaust his administrative remedies.  Gov't Resp. 5.  The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked."  <u>United States v. Sanford</u>," 986 F.3d 779 (7th Cir. 2021).

Thus, before the Court can consider the extraordinary and compelling reasons for release advanced by Defendant, or the application of the 18 U.S.C. § 3553(a) factors, the Court must decide the threshold issue of whether Defendant has satisfied the statutory exhaustion requirement.  Cf. United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. Nov. 20, 2020) (classifying exhaustion requirement as "affirmative defense" rather than a jurisdictional requirement.).  The requirement to exhaust administrative remedies before seeking relief from the courts protects administrative agency authority and promotes efficiency.  See Woodford v. Ngo, 548 U.S. 81, 89 (2006).

In Defendant's pro se Motion for Compassionate Release, he states that he submitted a request for compassionate release to the warden of his facility, which was denied.  Def.'s Pro Se Mot. 7. Defendant's Supplemental Motion for Compassionate Release states that Defendant submitted a request for compassionate release to the "Warden of his facility during his transfer to FCI Seagoville, while housed at the Oklahoma transfer facility.  Def.'s Suppl. Mot. 2.  According to the Supplemental Motion, Defendant has not yet received a response from the warden about his request.  Suppl.

Mot. 2.  The Supplemental Motion further states that Defendant submitted a second request with the warden of FCI Seagoville on June 21, 2021.  Id.  The Supplemental Motion does not say whether Defendant received a response to his second request.  In the Government's Response, the Government states that "[a]ccording to BOP records, Mr. Garecht has not filed a request for sentence reduction to the Warden of any of his current or past institutions."  Gov't Resp. 4.

    In United States v. Warren, the defendant told his attorney he had submitted a compassionate release request to the warden of FCI Tucson in March 2021 and never received a response.  United States v. Warren, No. 03-20004, at R.266 at 2-3 (C.D. Ill. Apr. 30, 2021).  The BOP advised the Government that the Defendant had not submitted a requested application for compassionate release to the warden, and the defendant presented no evidence to the contrary.  Id.  The court held that the defendant failed to establish he properly exhausted administrative remedies, and Defendant's motion for compassionate release was denied.  Id.

    Like the defendant in Warren, here Defendant claims he submitted a request for compassionate release to the warden at FCI

Seagoville, Texas, but BOP has no record of such a request.  See Warren, No. 03-20004, at R.266 at 2-3.  Further, BOP does not have any record of Defendant requesting release from any prior facility where Defendant was incarcerated.  Gov't Resp. 4. Defendant has provided only his bare assurance that he has exhausted his administrative remedies, and like the defendant in Warren, who provided nothing else to support his claim, here Defendant has provided no evidence of such a request.  See Warren, No. 03-20004, at R.266 at 2-3.  Defendant's Supplemental Motion states that the Defendant's request for compassionate release had not received a response from the warden, while Defendant's pro se motion states that the warden denied Defendant compassionate release.   Def.'s Suppl. Mot. 2; Def.'s Pro Se Mot. 7.   BOP has no record of any requests, Defendant did not file a copy of the request, and he did not file any denial from the warden.  Absent contrary evidence from Defendant, the Court accepts the Government's representation that BOP has no record of a request for compassionate release from Defendant.

Furthermore, in United States v. Broadfield, the defendant applied for compassionate release under 18 U.S.C. § 3582(c)(1)(A),

claiming that he was at risk for contracting COVID-19 in prison because of his asthma and other breathing issues. United States v. Broadfield, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021). The Seventh Circuit concluded in Broadfield that the defendant had not met the burden of showing an "extraordinary and compelling" justification for release after he had refused a vaccination for COVID-19. Broadfield, 2020 WL 3076863 at *4. The defendant asserted he had an allergic reaction to vaccines without providing medical records or evidence of his claim but alleged he had an allergic reaction after taking penicillin and bupropion. Id. The Seventh Circuit reasoned, "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." Id. The Seventh Circuit, in Broadfield explained that a prisoner who presents evidence that he is unable to receive the vaccine can resort to 18 U.S.C. § 3582(c)(1)(A) for relief.

18 U.S.C.§ 3582(c)(1)(A) states that defendants denied compassionate release by BOP or who have not received a response

from BOP within 30 days of submitting the release, may file a motion for compassionate release in federal district court. If the district court concludes there is an extraordinary and compelling reason that warrants reduction in time, the court may grant compassionate release. However the Seventh Circuit has held that for "the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." Id. at *5.

Additionally, in United States v. Ugbah, the Seventh Circuit repeated that most "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." United States v. Ugbah, No. 20-3073 at *3 (7th Cir. July 21, 2021). The Seventh Circuit further elaborated that the defendant never "contended that he is medically unable to receive or benefit from the available vaccines." Ugbah, No. 20-3073 at *3 ("[V]accines provide a much better defense against infection than any judicial order could do.").

Here, Defendant has provided no medical evidence that he is "medically unable to receive or benefit from the available vaccines."

See id.  Defendant's pro se motion states that Defendant previously had an allergic reaction to a flu vaccine, and Defendant's Supplemental Motion states that he cannot obtain the COVID-19 vaccine because of the possibility rare side effects due to Defendant's history of cardiac issues.  The only medical record pertaining to vaccination that has been filed though is Defendant's COVID-19 vaccine consent form which only shows that Defendant declined to receive the vaccination.  But the consent form does not provide a reason for the refusal.  Nothing in the record reflects that BOP medical staff counseled Defendant that he should not receive the vaccine due to the risk of side-effects or allergic reaction.  The absence of a sound medical explanation for refusing the vaccine leaves the Court with nothing but Defendant's "self-diagnosed skepticism about the COVID-19 vaccines."  See Broadfield, 2020 WL 3076863 at *4.  Absent such evidence, in light of the Seventh Circuit's decisions in Broadfield and Ugbah, Defendant cannot establish extraordinary and compelling reasons justifying compassionate release.

Lastly, Defendant previously contracted COVID-19 and tested positive on October 28, 2020 but was reported to be asymptomatic

just three days after testing positive.  BOP Medical Records at Page ID 129 (d/e 68).  Ten days after testing positive for COVID-19, Defendant remained asymptomatic and met the CDC criteria for release from isolation.  Probation's Mem. 1, d/e 67.

In <u>United States v. Bartlett</u>, the defendant—who suffered from asthma and obesity—requested compassionate release due to testing positive for COVID-19.  <u>United States v. Bartlett</u>, No. 13 CR 463-1, 2021 WL 54024, at *1 (N.D. Ill. Jan. 6, 2021).  The court reasoned that the defendant previously having and recovering from COVID-19 "cut[ ] against granting the relief he requests."  <u>Id.</u> at *3.  Here, Defendant also previously contracted and appears to have fully recovered from COVID-19.  The BOP Health Services note states that Defendant never needed the use of "fever reducing medication" and ten days had passed since symptoms first appeared.  BOP Medical Records at Page ID 129 (d/e 68).  While in isolation for COVID-19 Defendant did not have a temperature above 100 degrees Fahrenheit and never suffered from cough, shortness of breath, fatigue, body aches, sore throat, or other common COVID-19 symptoms.  BOP Medical Records at Page ID 128 (d/e 68).  Therefore, the fact that Defendant fully recovered from COVID-

19 and suffered from a mild case of COVID-19, despite having health issues, cuts against his argument that he should be released due to health concerns related to COVID-19.

### III. CONCLUSION

For the reasons set forth above, Defendant Nathaniel Garecht's pro se Motion for Compassionate Release (d/e 64) and Supplemental Motion for Compassionate Release (d/e 69) are DENIED.

**ENTER: August 6, 2021**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**